*0 5730*
*○ 2.00*
*Per*

## SUMMONS on cross-complaint
### (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
ELECTRONICALLY RECEIVED
BY SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN ON
JAN 17 2012
**FILED**
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

JAN 17 2012

TERRY McNALLY, CLERK
BY _____ DEPUTY

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

STEVEN BOOTH, LOUISE BOOTH, UNITED STATES OF AMERICA, and All Persons Unknown, Claiming Any Right, Title or Interest in the property adverse to cross-claimants title,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**

MICHAEL SCOTT IOANE, ACACIA CORPORATE MANAGEMENT, LLC, ET AL.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after the summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): |
|---|---|
| KERN COUNTY SUPERIOR COURT 1415 TRUXTUN AVENUE, BAKERSFIELD, CA 93301 | S-1500-CV-273654, DRL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
WILLIAM MCPIKE 257 E BELLEVUE ROAD, # 188, ATWATER, CA 95301 559-841-3366

| DATE. (Fecha) 1-17-12 | TERRY McNALLY | Clerk, by (Secretario) | , Deputy (Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): UNITED STATES OF AMERICA

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com


FILED BY FAX

Other:
Fax
Any other form of mail (e.g. register, overnight, priority mail, federal express, etc).
No
Yes
Process Clerk?
Certified or registered mail, is the certified or registered mail addressed to the Civil
(Name of person making the delivery)
Hand delivery by
the summons and complaint were received in the manner indicated below:
certify that on
Susan A. Green
Process Clerk of the Office of the United States Attorney, Eastern District of
California
As:

1 | William McPike, State Bar # 95869
    36360 Peterson Rd
2 | Auberry, CA 93602
    (559) 841-3366
3 | mcpike@netptc.net

4 | Attorney for Defendants Michael Ioane
    and Acacia Corporate Management, LLC

5

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 COUNTY OF KERN

| | |
|---|---|
| 10 STEVEN BOOTH, and LOUISE BOOTH, | CASE NO. S-1500-CV-273654, DRL |
| 11      Plaintiffs, | VERIFIED CROSSCLAIM OF MICHAEL IOANE, AND ACACIA CORPORATE MANAGEMENT, LLC FOR QUIET TITLE |
| 12      vs. | |
| 13 | |
| 14 MICHAEL SCOTT IOANE, ACACIA CORPORATE MANAGEMENT, LLC, | |
| 15 et al, | |
| 16      Defendants. | |
| 17 MICHAEL SCOTT IOANE, ACACIA CORPORATE | |
| 18 MANAGEMENT, LLC, | |
| 19      Cross-claimants, | |
| 20      vs. | TRIAL: None set |
| 21 STEVEN BOOTH, LOUISE BOOTH, | |
| 22 UNITED STATES OF AMERICA, and All Persons Unknown Claiming Any Right, | |
| 23 Title, or Interest in the Property Adverse to Cross-claimants Title, | |
| 24 | |
| 25      Cross-defendants | |

25      Cross-claimants Michael S. Ioane and Acacia Corporate Management, LLC allege

26 as follows:

27

28

                         1

**PARTIES**

2  1. Cross-claimant Michael Ioane is a natural individual.

3  2. Cross-claimant Acacia Corporate Management, LLC (hereafter 'Acacia') is

4 a limited liability company organized and existing under the laws of Nevada.

5  3. Cross-defendants Steven and Louise Booth are natural individuals who are

6 married and reside in Kern County, California.

7  4. Cross-defendant United States is a government entity. It has waived

8 immunity under 28 U.S.C. §2410 for this action to quiet title against the below described

9 tax lien claims it has recorded against the properties which are the subject of this suit.

10  5. Cross-claimants are unaware of the true names and capacities of 'All

11 Persons Unknown Claiming Any Right, Title, or Interest in the Property Adverse to

12 Cross-claimants Title', and therefore sue any such defendants collectively under this

13 fictitious name. Any claims to the properties of any of these defendants that may be

14 adverse to cross-claimants are without any right or basis.

15        **VENUE**

16  6. Usually venue would be proper in the court where the real property is

17 located; however, in this case there is an identical action with the identical parties in

18 federal court, case number 07-1129. This court has indicated that it believes jurisdiction

19 and venue are here. In order to protect our rights we are answering and filing this cross-

20 claim; although redundant to the case pending in federal court currently.

21        **PROPERTIES**

22  7. The properties at issue in this case are described as follows:

23  a. Lots 11 and 12 in Block 201 of City of Bakersfield, County of Kern,

24    California, as per map recorded November 25, 1898, in Book 1, pages 13

25    and 14 of the maps in the office of the Kern County Recorder; also

26    commonly known as 1927 21st Street, Bakersfield, CA 93301;

27  b. Lot 29 of Tract No. 3817, City of Bakersfield, County of Kern, California,

28

CROSS-CLAIM OF IOANE & ACACIA

as per map recorded October 25, 1976 in Book 26, Pages 151, 152, and 153 of the maps in the office of the Kern County Recorder; also commonly known as 717 Roundup Way, Bakersfield, CA 93306;

c. Lot 4 of Tract No. 4578, Unit B, City of Bakersfield, County of Kern, California, as per map recorded April 11, 1984 in Book 33, Pages 66 and 67 of the maps in the office of the Kern County Recorder; also commonly known 5705 Muirfield Drive, Bakersfield, CA 93306.

## PROPERTY CLAIMS

8.    Cross-claimant Acacia Corporate Management, LLC has title to the properties by virtue of title Grant Deeds executed December 5, 2005 from Bakersfield Properties & Trust Company, Jean Liascos Trustee, and recorded in the Official Records of Kern County, California on the same above date, by the seller's Trustee Jean Liascos.

9.    The above Grant Deeds, ( Purchase of the above referenced real property), were/was taken subject to existing Deeds of Trust/mortgage claims, existing and secured against the subject properties at the time of the sale. The Deeds of Trusts secured against the subject real property were in amounts that exceeded the value of the real property, being purchased by Acacia Corporate Management, LLC. The Grant Deeds, ( real property), were acquired  for valuable and reasonable consideration given by Acacia Corporate Management, LLC, on December 5, 2005.

10.    Cross-claimant Michael Ioane has a 5% title interest in the properties by virtue of deeds executed by Acacia Corporate Management, LLC on December 6, 2005, and recorded in the Official Records of Kern County, California, on  March 3, 2011.

11.    Since the taking of title by the cross-claimants, they have paid the mortgage payments, property taxes, and all other payments concerning the properties.

12.    Cross-defendants Steven and Louise Booth allege to claim an interest in the above described properties which is adverse to cross-claimants.

13.    Since the taking of title by the cross-claimants, cross-defendants Steven and

3

Louise Booth have made none of the mortgage, property tax, or any other payments related to the properties.

14. In addition to the above, the Booth cross-defendants signed a Binding Stipulated Settlement & Agreement dated September 25, 2007, authorized by Federal Judge Anthony Ishii, Fresno, Federal Court, case number 07-1129, it is entitled " **Quiet Title Pursuant to Binding Stipulated Settlement & Agreement between the parties herein**" The agreement is signed under penalty of perjury; wherein the Booth cross-defendants specifically disclaimed any interest in the above properties. Honorable Judge Anthony Ishii, in addition to authorizing the Stipulated agreement entered certain <u>findings and facts</u>, which are located on page 4 of the agreement and numbered 1, 2 and 3, (for this court's edification). Attached to the Stipulated Settlement is the Title Report from a title company which reflects the lack of any interest in the properties by the Booths and that Acacia Corporate Management LLC is the owner in fee, see attached as **Exhibit A, Settlement agreement and Title report.**

15. The adverse claims by cross-defendants Steven and Louise Booth are completely without merit and frivolous, and cross-claimants seek such a determination against any of Booths' adverse claims.

16. On December 22, 2005 the United States, via its Internal Revenue Service, recorded tax lien claims against each of the properties, totaling in excess of two million dollars. The lien claims alleged cross-claimants were 'nominees or alter egos' of various entities who were 'nominees' of the Booth cross-defendants.

17. According to the lien claims, the Booth cross-defendants, whose address is 5717 Roundup Way, Bakersfield, California, are the parties whose liability created the lien claims.

18. Assuming the United States has valid lien claims against the Booth cross-defendants, they were not of record at the time cross-claimants acquired their interest in the properties, and therefore did not attach to the properties.

4

CROSS-CLAIM OF IOANE & ACACIA

1  properties, and therefore did not attach to the properties.

2      19.    The lien claims of the United States against the properties are adverse to the

3  interest of the cross-claimants, and are without merit.

4      20.    Cross-claimants seek a determination quieting title to the properties against all

5  cross-defendants at least as of September 25, 2007 since that is the date the Booth

6  cross-defendants entered into the above-described Binding Settlement Agreement, the Booths

7  specifically disclaimed any interest in the properties in the Settlement Agreement, and the claim

8  of the United States against the properties was based on its claim against the Booth

9  cross-defendants.

10     21.    Cross-claimant seek attorney fees for having to defend against the entirely

11  frivolous action brought by the cross-defendant Booths, in very bad faith, without clean hands

12  and in violation of the settlement agreement dated September 25, 2007.

13     22.    In addition to the above, the United States' tax lien claims against cross-defendant

14  Booths did not attach to the properties since they were not of record at the time Acacia Corporate

15  Management, LLC acquired its interest in the properties.

16                              **REQUEST FOR RELIEF**

17     Wherefore, cross-claimants seek the following relief.

18     23.    A determination and judgment that none of the cross-defendants has any right,

19  title, or interest in the properties at issue.

20     24.    Costs of this action.

21     25.    Reasonable attorney fees.

22     26.    Any other relief the Court deems just.

23  Date: December 16, 2011                    Submitted by,

24  

25                                         William McPike

26  

27                                         5
_____

28  CROSS-CLAIM OF IOANE & ACACIA