**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**STEVEN BOOTH and LOUISE BOOTH,**

**Plaintiffs,**

**v.**

**MICHAEL SCOTT IOANE, ACACIA CORPORATE MANAGEMENT, LLC, et al.,**

**Defendants.**

**MICHAEL SCOTT IOANE AND ACACIA CORPORATE MANAGEMENT, LLC,**

**Cross-Claimants**

**v.**

**STEVEN BOOTH, LOUISE BOOTH, UNITED STATES OF AMERICA, et al.**

**Cross-Defendants**

**CASE NO. 1:12-CV-0171 AWI GSA**

**ORDER RE: MOTION TO DISMISS**

(Docs. 21, 26, and 27)

Defendants have made a motion to dismiss Plaintiffs' claims with prejudice. Plaintiffs and Cross-Defendant United States have filed oppositions. Defendants object to Cross-Defendant's opposition as lacking standing. All filings have been considered by the court and for the reasons stated below, the motion is granted in part and denied in part.

## I. History[1]

Plaintiffs Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax returns. In 1999, cross-defendant United States ("United States") made tax assessments against the Booths for deficiencies in the tax years 1995-1997. The Booths hired defendant Michael Scott Ioane ("Michael Ioane") to help them evade tax collection. The Booths (and certain trusts associated with the Booths) owned three parcels of property (the "Properties") in Bakersfield, CA. On December 5, 2005, the Booths transferred ownership of the Properties to defendant Acacia Corporate Management ("Acacia") and Michael Ioane, in an alleged attempt to put it out of the reach of the United States. On December 22, 2005, the United States put a tax lien on the Properties on the basis that Michael Ioane and Acacia (collectively "Ioane Group") are nominees/alter egos of the Booths.

On April 9, 2009, a grand jury in Sacramento indicted the Booths and Michael Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142). In the criminal case, the Booths reached a plea bargain with the United States: Vincent Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed. The Booths cooperated with the United States's criminal prosecution of Michael Ioane; Vincent Booth testified against Ioane at his trial. On October 3, 2011, a jury found Michael Ioane guilty of conspiracy to defraud the United States and presenting fictitious obligations intended to defraud. Michael Ioane has appealed the conviction, and the Ninth Circuit has indicated that there is "a 'substantial question' of law or fact that is 'fairly debatable,' and that 'if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.'" The appeal is ongoing. The present case is only one of several civil suits dealing with the event surrounding the Booths' tax evasion and alleged attempts to shield the Properties from the United States's reach. Civ. Case Nos. 07-0620, 07-1129, 09-1689. A motion

---

[1]The factual history is provided for background; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

to consolidate these cases was denied. Doc. 20

In this present case, the Booths filed a quiet title suit against the Ioane Group in state court, seeking to establish the Booths as the owners of the Properties. The Ioane Group filed a cross claim against the Booths and the United States, similarly seeking to quiet title in the Properties. The entire suit was removed to federal court by the United States under 28 U.S.C. § 1442.

The present motion is brought by the Ioane Group to dismiss the Booths' claims. Doc. 27. The Ioane Group asserts that this suit (Case No. 12-0171) is duplicative of Case No. 07-1129 and should be dismissed. Additionally, the Ioane Group argues that the Booths are seeking to recover the Properties under direction from the United States, that the United States is the real plaintiff in this case. The Ioane Group alleges that the United States lacks the proper authorization to bring this suit, and so the Booths' claim fails for lack of subject matter jurisdiction. Both the Booths and the United States have made filings in opposition to the Ioane Group's motion.

## II. Legal Standards

### A. Fed. Rule Civ. Proc. 12(b)(6)

Under Fed. Rule of Civ. Proc. 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted. "[O]nly a complaint that states a plausible claim for relief survives a

motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted. The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969. Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Fed. Rule Civ. Proc. 12(b)(6), the Court is generally limited to reviewing only the complaint. "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. Rule Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted. The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted. "[A] court

may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Fed. Rule Civ. Proc. 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**B. Fed. Rule Civ. Proc 12(b)(1)**

Fed. R. Civ. Proc. 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Vacek v. UPS, 447 F.3d 1248, 1250 (9th Cir. 2006). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003); General Atomic Co. v. United Nuclear Corp., 655 F.2d 968 (9th Cir. 1981). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air For

Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Where the jurisdictional issue and the merits of the case are not factually completely intermeshed or intertwined, the court may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, including resolving factual disputes when necessary. St. Clair v. Chico, 880 F.2d 199, 201-02 (9th Cir. 1989).

**III. Discussion**

First, the Ioane Group asserts that this case lacks subject matter jurisdiction, as the Booths' suit is "actually for the sole purpose of attempted tax collection [and therefore] it is barred by § 7401." Doc. 27, Brief, 4:2-3. "No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. § 7401. The Ioane Group's argument is problematic. Section 7401 does indeed prohibit a private party from enforcing the federal income tax code or vindicating the interests of the Internal Revenue Service. "Courts have held that § 7401 precludes the filing of private lawsuits against third parties based upon their alleged violations of the Code." Schuloff v. Queens College Found., 994 F. Supp. 425, 428 (E.D.N.Y. 1998). "The IRS has sole discretion and control over its lien. Taxpayers are not third-party beneficiaries of statutory tax liens and may not sue to enforce those liens or related priorities." FDIC v. United States, 1996 U.S. Dist. LEXIS 19644, *9 (D. Or. Nov. 18, 1996). However, that is not the issue in this case. The Booths are not suing the Ioane Group to recover funds to recompense the United States for a tax assessment made against Michael Ioane. Instead, the Booths are suing to gather assets so that they can pay off their own tax penalties. The suit was brought by the Booths against the Ioane Group to expunge any claims the Ioane Group has on the Properties. If the Booths were to prevail, the Properties would not pass to the United States. Though such a judgment would not expunge the United States's claim on the Properties since the liens are already recorded (see Cal.

Civ. Proc. Code § 764.045), it would not affirmatively grant the United States any rights.[2] It is difficult to construe this suit as a government action for the collection of taxes or tax penalties. The requirements of Section 7401 do not apply. The Ioane Group provides no case law to support its position; similarly, the court's research reveals nothing that suggests subject matter jurisdiction is lacking in this case.

The Ioane Group's second argument is that "the Booths' complaint is a virtual carbon copy of the 2007 federal claim that had already been filed against them by Acacia and Ioane. There the Booths entered into a stipulated judgment that they had no interest in the properties at issue here....all issues involving any dispute over the properties should be adjudicated in the original case that was filed in this Court, Civ. No. 07-1129." Doc. 27, Brief, 4:5-8 and 4:16-18. The Booths argue that Case No. 07-1129 does not resolve the dispute as the Booths were dismissed from the suit without final judgment. They further represent that the Stipulated Settlement was part of the tax avoidance scheme designed by Michael Ioane and tainted by fraud. Doc. 32, Booths' Opposition, 6:18-21.

In Case No. 07-1129, the Ioane Group sued the Booths, certain trusts associated with the Booths, and the United States, seeking to quiet title on the Properties. 07-1129, Doc. 1. The Ioane Group then reached a "Quiet Title Pursuant to Binding Stipulated Settlement and Agreement Between the Parties Herein" ("Stipulated Settlement") with the Booths, which the court approved. 07-1129, Doc. 10. In the Stipulated Settlement, the Ioane Group and the Booths agreed that the Properties belonged to the Ioane Group, and that at the Properties were not subject to any government liens at the time they were transferred. The United States was not a party to the Stipulated Settlement. Then, the Ioane Group filed an amended complaint without leave of court pursuant to the then applicable Fed. Rule Civ. Proc. 15(a)(1)(A); the new complaint again named the Booths as defendants. 07-1129, Doc. 28. The Ioane Group made a

---

[2]Indeed, the briefing shows that the Booths' and the United States's plans concerning the Properties may conflict. The United States seeks to foreclose on all three of the Properties while the Booths hope to keep one or two of the Properties. As the Ioane Group challenges subject matter jurisdiction, the court considers the United States's opposition as well.

motion for final judgment against the Booths pursuant to Fed. Rule Civ. Proc. 54(b) to settle the case against those defendants while litigation continued with the United States. 07-1129, Doc. 37. The motion was denied, with the court stating that "[t]he settlement agreement purports to determine rights to the Propert[ies] as between [the Ioane Group and Booths.] However, ownership of the Properties is completely intertwined with the dispute between [the Ioane Group] and the United States." 07-1129, Doc. 64, 8:21-23. Instead of waiting for resolution of the case, the Ioane Group voluntarily dismissed the Booths from the case. The dismissal was unilateral under the then applicable Fed. Rule Civ. Proc. 41(a)(1), requiring no court approval to be effective; pointedly, it was not by stipulation of the parties and made no reference to any settlement. 07-1129, Doc. 66. Under Fed. Rule Civ. Proc. 41(b), such a dismissal was without prejudice. Thus, there was no final judgment against the Booths in 07-1129. The stipulated settlement the Ioane Group and the Booths reached is not binding; it does not have preclusive effect. Cf. Panizza v. Mattel, Inc., 2004 U.S. Dist. LEXIS 2490, *6-7 (S.D.N.Y. Feb. 19, 2004) (stipulated dismissal in prior case that resulted in a final judgment has preclusive effect in later case). While the stipulation might be considered a form of evidence, it does not conclusively establish the ownership of the Properties between the Ioane Group and the Booths. As the Booths argue, the Stipulated Settlement "necessarily dissolved when the 2007 case was amended and subsequently dismissed without judgment against Mr. and Mrs. Booth. Doc. 32, Booths' Opposition, 6:3-4. The only remaining parties in Case No. 07-1129 are the Ioane Group (plaintiffs) and the United States (defendant). As the Booths are no longer a party in that case, the dispute between the Ioane Group and the Booths can not be resolved in that quiet title action.

The Ioane Group's third argument is that the Booths fail to provide sufficient detail as their allegations are grounded in fraud. The Ioane Group argues that the Booths fail to allege facts that meet all elements of a fraud claim under California law and that Fed. Rule. Civ. Proc. 9(b) is not met. Doc. 27, Brief, 5:7-19. The Booths do not address this issue in their opposition; they state that they have stated the factual elements to state a claim for quiet title. Though the term "fraud" is not used in the complaint, the Booths use the term in their briefing. Doc. 32, Booths' Opposition, 4:4-10 and 6:10-14. Broadly, the Booths assert that the Ioane Group

acquired the Properties as a part of a tax avoidance scheme and "The conveyances of the Property to [Ioane Group] were not bona fide transactions. [Ioane Group] duped and deceived [Booths] to achieve the conveyances." Doc. 11, Part 1, Complaint, 5:2-3. The Booths' allegations supporting their quiet tile claim are based on accusations of fraud. In such cases, the heightened pleading standard of Fed. Rule Civ. Proc. 9(b) must be met. See Smith v. Bank of Am. Corp., 2012 U.S. App. LEXIS 12504, *11-12 (6th Cir. June 18, 2012) ("The Smiths' quiet title claim is grounded in fraud and therefore must also satisfy Rule 9(b)'s pleading requirements....The Smiths allege that the Bank committed fraud, in one form or another, leading up to the foreclosure proceeding, and their quiet title claim flows from that conduct. Because the quiet title claim is intertwined with the fraud claims, this claim also fails for failure to state a claim upon which relief can be granted"). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. Rule Civ. Proc. 9(b). Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Stated differently, the complaint must identify "the who, what, when, where, and how" of the fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). The Booths have not plead sufficient facts to meet that burden. To clarify, the Booths have not made a claim for fraud and thus, they may not recover damages (which might include monetary damages) that a fraud claim would allow them under California law. However, to the extent that the Booths can demonstrate that the Ioane Group's fraud caused them to alienate their ownership of the Properties, they may prevail in their quiet title action.

Further, there is a procedural issue. The Booths seek quiet title to the Properties as of October 2, 1996, December 29, 1994, and December 9, 1986. Doc. 11, Part 1, Complaint, 5:23-26. That means that the Booths want it ascertained that the Ioane Group had no valid interest to the Properties on those dates. However, the contested transfers did not take place until 2005. As plead, with those dates, this quiet title action would not resolve question of whether those

transfers were valid. Cal. Code Civ. Proc. § 761.020(d) states that one of the requirements of a quiet title action is "The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought." The Booths must change the date as of which the quiet title determination is sought or state why the dates listed are relevant.

**IV. Order**

The Ioane Group's motion to dismiss for failure to state a claim is GRANTED without prejudice and with leave to amend. The Booths may file an amended complaint within twenty one (21) days of the filing of this order.

IT IS SO ORDERED.

Dated: August 31, 2012

CHIEF UNITED STATES DISTRICT JUDGE