# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BOOTH and LOUISE BOOTH, | 1:12-cv-00171 AWI GSA |
| Plaintiffs, | **ORDER REGARDING DEFENDANTS ACACIA CORPORATE MANAGEMENT LLC AND MICHAEL SCOTT IOANE'S MOTION TO STAY** |
| v. | |
| ACACIA CORPORATE MANAGEMENT LLC, *et al.*, | (Document 50) |
| Defendants. | |

## INTRODUCTION[1]

***Relevant Procedural Background***

On November 14, 2012, Defendants Acacia Corporate Management, LLC and Michael Scott Ioane Sr. filed a Motion to Stay in this matter. (Doc. 50.)

On November 21, 2012, Cross-claim Defendants United States of America filed its opposition to the motion. (Doc. 53.) On November 30, 2012, Plaintiffs Steven Booth and Louise Booth filed their opposition to the motion. (Doc. 55.)

On December 7, 2012, the undersigned issued a minute order, vacating the hearing on the motion and taking the matter under submission pursuant to Local Rule 230(g). (Doc. 57.)

---

[1] The Court omits a recitation of facts as the facts are well known to all parties.

1

For the reasons that follow, the motion will be denied.[2]

*The Parties' Positions*

### The Moving Defendants[3]

Defendants Acacia Corporate Management LLC and Michael Scott Ioane ("moving Defendants") assert this matter should be stayed pending the outcome of the now-pending appeal to the Ninth Circuit Court of Appeals, following Ioane's criminal conviction. Specifically, moving Defendants assert that to deny a stay of these proceedings "could violate Ioane's Fifth Amendment" rights because the criminal appeal and the instant civil action concern "the same issues" and because the now-pending appeal "will likely result in a new criminal trial for Ioane." (Doc. 50 at 3.) Further, moving Defendants contend that "[w]ith Ioane incarcerated and [a] criminal appeal pending it is more compelling for the court to grant the stay in the case at bar," and that "there is no real risk of prejudice to the Plaintiffs." (*See* Doc. 50 at 3-4.)

### The Government

The Government contends a stay of these proceedings is unnecessary. More particularly, the Government points out that Plaintiffs have not addressed the factors to be considered by the Court when presented with a motion or request for stay, nor have they explained or supported the assertions they do make, and because Ioane has previously testified in the criminal proceeding and related civil proceedings. (Doc. 53.)

### Plaintiffs Steven Booth and Louise Booth

Plaintiffs Steven Booth and Louise Booth (the "Booths") oppose the moving Defendants' motion because (1) Ioane's Fifth Amendment rights will not be violated as he has already given testimony in the criminal action and was subsequently convicted; (2) further delay will prejudice the Booths because their tax liability remains unsatisfied and "because Mr. Ioane continues his

---

[2] Moving Defendants' replies to separate oppositions filed were stricken as untimely. (*See* Docs. 59-61.)

[3] The Court declines to take judicial notice of the documents as requested and referenced by the moving Defendants.

2

misdeeds regarding the property" at issue; and (3) because granting the motion to stay would be contrary to the interests of justice. (Doc. 55 at 2-3.)

## DISCUSSION

*Applicable Legal Standards*

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-255, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication. How this can best be done is a decision properly vested in the trial courts." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3rd Cir. 1983).

Factors "regulating the issuance of a stay" include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). Nonetheless, "[s]ince the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." *Hilton*, 481 U.S. at 777, 107 S.Ct. 2113, 95 L.Ed.2d 724.

In *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1994), the Ninth Circuit stated that, in addition to considering a defendant's Fifth Amendment rights, courts should consider the following factors when determining whether to impose a stay of civil proceedings pending the outcome of criminal proceedings:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and

3

the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, at 325, quoting *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

*Analysis*

**Ioane's Fifth Amendment Rights**

As previously noted, the moving Defendants assert that, in the absence of a stay of these proceedings, Ioane's Fifth Amendment rights will be implicated.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." As it relates to this action, the docket[4] in this Court's case number 1:09-cr-00142-LJO reveals that Michael Scott Ioane was convicted in this Court of conspiracy (18 U.S.C. § 371) and Presenting False or Fictitious Instrument or Document Purporting to be Actual Security of the United States, Aiding and Abetting (18 U.S.C. § 514(a)(2) & (2)) and was sentenced to a total of 108 months in prison. (*See* 09-cr-259, Docs. 194 & 196.) The amended judgment was filed February 14, 2012. (*See* 09-cr-259, Doc. 196.) Further, according to the Ninth Circuit Court of Appeals' docket in *Unites States of America v. Ioane*, Docket Number 12-10068, indicates the appeal is fully briefed and is pending decision. (*See also* Doc. 50-5, ¶ 5.)

As noted by both Plaintiffs and the Government, Ioane has already testified in his own defense in the criminal proceedings and has already given depositions in the related matters. Coupled with the fact that evidence will not be taken by the Ninth Circuit in the now-pending appeal, this Court finds that Ioane's Fifth Amendment rights are no longer implicated for purposes of this proceeding.

---

[4] A "court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *accord In re Korean Air Lines, Co., Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Further, it is unnecessary to take judicial documents already in the record. see e.g. *Lew v. Bank Nat Ass'n*, 2012 WL 1029227, * n. 1 (N.D. Ca. Mar. 26, 2012).

4

**Plaintiffs' Interest in Proceeding**

Steven and Louise Booth are the Plaintiffs in this action. The action has been pending in this Court since February 3, 2012. When Acacia Corporate Management LLC and Michael Scott Ioane filed a "Verified CrossClaim" for Quiet Title in December 2011 in Kern County Superior Court case number S-1500-CV-27365, DRL, the Government - having been named a cross-defendant - removed the action to this Court. (*See* Doc. 1.)

Because the Booths have conceded a tax debt, the purpose of the instant action "is to determine whether the three parcels of real property [at issue] will be sold in order to satisfy" that tax debt. Until the Court makes a determination regarding the Booths' quiet title claims, their tax liability will remain unsatisfied. Clearly the Plaintiffs have an interest in this case proceeding to a final resolution.

**Burden on Defendants**

Moving Defendants merely assert that their "burden would be great should they have to proceed" because "Ioane would be risking" his Fifth Amendment rights. (Doc. 50 at 4.) However, as explained above, the Court has not found those rights are at risk given the posture of the now-pending criminal appeal and the discovery that has already occurred in the related civil matters. Therefore, moving Defendants cannot establish burden.

**Convenience and Efficiency**

Moving Defendants argue it would be more efficient for the Court to stay these proceedings because "if Ioane wins his appeal which is the likely case and his case is tried again finding him innocent that would likely lead to a finding in the civil case that the moving defendants should have the complaint against them . . . dismissed with prejudice." (Doc. 50 at 4-5.)

Initially, the Court notes that the moving Defendants' have misconstrued the Ninth Circuit Court of Appeals' Order of March 20, 2012. Despite moving Defendants' assertion that "the Ninth Circuit has stated that is likely that the appeal will be granted resulting in a complete

5

dismissal of charges against Ioane or a new trial for Ioane" (Doc. 50 at 6), a review of the Order finds no support for this assertion. Rather, the appellate court's order merely found that Ioane had met the standard for establishing a right to bail pending appeal, to wit: he established by clear and convincing evidence that he was not likely to flee or pose a danger to others, and that he had established that his appeal "raises a 'substantial question' of law or fact that is 'fairly debatable,' and that 'if that substantial question is determined favorably to [him] on appeal, that decision is likely to result in reversal or an order for a new trial . . .." *Unites States of America v. Ioane*, Docket Number 12-10068, Entry Number 11. Thus, the Ninth Circuit has not indicated that Ioane is likely to prevail on appeal. Instead, it simply held that he had established his right to bail pending the outcome of his appeal. The Ninth Circuit did not comment on the merits of the issues raised in the appeal, rather it simply stated that those issues present a "'substantial question'" of law or fact that "*if*" proven could result in reversal or remand for retrial.

Further, parallel proceedings are those occurring simultaneously, meaning the criminal *trial* proceedings are occurring simultaneous with the *civil trial* proceedings. The undersigned finds that criminal *appeal* and *civil trial* proceedings do not occur simultaneous to or parallel with one another. *See Keating v. Office of Thrift Supervision*, 45 F.3d at 324, *citing Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1374 (D.C. Cir.), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980).

For purposes of convenience and efficiency, this Court's heavy caseload would only benefit from resolution of this action and the related actions, some of which have been pending for more than five years. This factor weighs against a stay of these proceedings.

**Interests of Non-Parties**

As no party has raised any concerns regarding third or non-party interests, the Court will not consider this factor in its balancing.

//
//

**Interest of the Public**

As no party has addressed the interest of the public in the pending civil litigation, the Court will not consider this factor in its balancing.

## CONCLUSION

For the foregoing reasons, having considered and weighed all relevant factors, the moving Defendants' motion for a stay is DENIED.

IT IS SO ORDERED.

Dated:    **December 17, 2012**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE