1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                    **EASTERN DISTRICT OF CALIFORNIA**

8

9  **STEVEN BOOTH and LOUISE BOOTH,** )        **CASE NO. 1:12-CV-0171 AWI GSA**
                                      )
10        **Plaintiffs,**             )        **ORDER RE: MOTION FOR STAY**
                                      )
11        **v.**                      )
                                      )
12  **MICHAEL SCOTT IOANE, ACACIA**   )
   **CORPORATE MANAGEMENT, LLC, et**  )
13  **al.,**                          )
                                      )
14        **Defendants.**             )
   _____ )
15                                    )
   **MICHAEL SCOTT IOANE AND**        )
16  **ACACIA CORPORATE**              )
   **MANAGEMENT, LLC,**               )
17                                    )
         **Cross-Claimants**          )
18                                    )
         **v.**                       )
19                                    )
   **STEVEN BOOTH, LOUISE BOOTH,**    )
20  **UNITED STATES OF AMERICA, et al.** )
                                      )
21        **Cross-Defendants**        )
   _____ )
22

23

24                           **I. History**

25        Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax

26  returns.  The Booths owned three parcels of property (the "Subject Properties") in Bakersfield,

27  CA.  The Booths met Plaintiff Michael Scott Ioane ("Ioane") and began taking his advice on how

28  to reduce/evade their income tax liabilities.  In 1996, the Booths transferred ownership of the

                                       1

Subject Properties to the Alpha Omega Trust and the Aligned Enterprises Trust; in 2002, they transferred ownership of the Subject Properties to the Bakersfield Properties and Trust Company (all three entities collectively the "Booth Trusts"). The beneficiaries of the Booth Trusts are the Booths' children.

In 1999, Defendant United States ("United States") made tax assessments against the Booths for deficiencies in the tax years 1995-1997. The United States filed a tax lien in Kern County against the Booths ("2000 Tax Lien"). On December 5, 2005, the Booth Trusts transferred ownership of the Subject Properties to Plaintiff Acacia Corporate Management, LLC ("Acacia") and Ioane, in an alleged attempt to put it out of the reach of the United States. On December 22, 2005, the United States filed a tax lien on the Subject Properties specifically ("2005 Tax Lien") on the basis that Ioane and Acacia (collectively "Ioane Group") are nominees/alter egos of the Booths.

On April 9, 2009, a grand jury in Sacramento indicted the Booths and Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142). The Booths reached a plea bargain with the United States: Vincent Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed. The Booths cooperated with the United States's criminal prosecution of Ioane; Vincent Booth testified against Ioane at his trial. On October 3, 2011, a jury found Ioane guilty of conspiracy to defraud the United States and presenting fictitious obligations intended to defraud. Ioane has appealed the conviction. The Ninth Circuit has yet to make its ruling on the appeal.

The Booths filed the present suit in the Superior Court of California, County of Kern against the Ioane Group to quiet title on the Subject Properties. The Ioane Group filed a cross claim against the Booths and the United States, also seeking to quiet title on the Subject Properties. Thereafter, the entire suit was removed to federal court by the United States under 28 U.S.C. § 1442. This suit is only one of several civil suits dealing with the events surrounding the Booths' tax evasion and alleged attempts to shield the Subject Properties from the United States's reach. Civ. Case Nos. 07-0620, 07-1129, and 09-1689. A motion to consolidate these cases was denied. Doc. 20.

The Ioane Group made a first motion for stay, citing Ioane's continuing criminal appeal. Doc. 50. Magistrate Judge Austin denied the motion. Doc. 62. The Ioane Group has now made a second motion for stay. Doc. 65. The motion was opposed and taken under submission without oral argument.

## II. Legal Standards

Fed. Rule Civ. Proc. 72(a) allows a party to serve and file objections to a Magistrate Judge's nondispositive order, to be decided by the District Judge. In the Eastern District of California, this type of objection is treated as a motion for reconsideration by the assigned District Court Judge. See Local Rule 303.

When filing a motion for reconsideration, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). See also Fed. Rule Civ. Proc. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion"). Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983).

## III. Discussion

The Ioane Group has filed parallel motions for stay in each of the four related civil cases. In this case, the Ioane Group made a first motion for stay, to be heard before the undersigned. Doc. 50. The matter was reset before Judge Austin by minute order. Doc. 51. Judge Austin

denied the motion on December 17, 2012. Doc. 62.  The Ioane Group then made a second motion for stay, to be heard by the undersigned on January 17, 2013. Doc. 65.  The second motion for a stay relied upon the same argument as the first motion, namely that Ioane was involved in a criminal appeal that shared the same subject matter as the civil suits.  Indeed the briefing for the two motions shared large chunks of completely identical text, including the majority of the legal argumentation. See Doc. 50, 3:18-6:17 and Doc. 65, 4:25-7:25.  The second motion should properly be considered a motion for reconsideration.  To be clear, the Ioane group filed four parallel motions for stay which were all denied by Judge Austin on December 17, 2012 and then filed four parallel second motions for stay on January 17, 2013.

Fed. Rule Civ. Proc. 72(a) states "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  William McPike, the Ioane Group's attorney, received electronic service of Judge Austin's order on December 17, 2012.  The Ioane Group did not file their second motion until well after the fourteen day deadline had passed.  The second motion did not raise any new circumstance, changed facts, or new case law to justify the delay.  The Ioane Group's motion is untimely and on that basis, deserves to be denied.

Further, Judge Austin's order is sound on the merits.  The main thrust of the Ioane Group's argument is that Ioane's Fifth Amendment right against self-incrimination is in jeopardy as both the criminal and civil cases deal with the same operative facts.  However, Judge Austin points out that in his criminal trial, Ioane took the stand in his own defense; there is no indication that Ioane has ever asserted his Fifth Amendment right against self-incrimination in any of the many instances he has been questioned/deposed. Doc. 62, 4:18-22.  The Ioane Group argues that "If in fact Mr. Ioane's appeal is granted he may have to stand trial again and the government will have the advantage of discovery and testimony that they would not have but for this civil action."

Doc. 65, 4:14-17.  The court does not find this to be a strong argument given the fact of his prior testimony in the criminal trial.

### IV. Order

The Ioane Group's motion for stay is DENIED.

IT IS SO ORDERED.

Dated:    April 29, 2013

SENIOR DISTRICT JUDGE

5