UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BOOTH and LOUISE BOOTH,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL SCOTT IOANE, ACACIA CORPORATE MANAGEMENT, LLC, et al.,<br><br>    Defendants.<br>_____<br>MICHAEL SCOTT IOANE AND ACACIA CORPORATE MANAGEMENT, LLC,<br><br>    Cross-Claimants<br><br>    v.<br><br>STEVEN BOOTH, LOUISE BOOTH, UNITED STATES OF AMERICA, et al.<br><br>    Cross-Defendants<br>_____ | CASE NO. 1:12-CV-0171 AWI GSA<br><br>ORDER RE: MOTION TO DISMISS |

**I. History**

    Vincent Steven and Louise Q. Booth ("Booths") are a married couple who file joint tax returns. The Booths owned three parcels of property (the "Subject Properties") in Bakersfield, CA. The Booths met Plaintiff Michael Scott Ioane ("Ioane") and began taking his advice on how to reduce/evade their income tax liabilities. In 1996, the Booths transferred ownership of the

1

Subject Properties to the Alpha Omega Trust and the Aligned Enterprises Trust; in 2002, they transferred ownership of the Subject Properties to the Bakersfield Properties and Trust Company (all three entities collectively the "Booth Trusts"). The beneficiaries of the Booth Trusts are the Booths' children.

In 1999, Defendant United States ("United States") made tax assessments against the Booths for deficiencies in the tax years 1995-1997. The United States filed a tax lien in Kern County against the Booths ("2000 Tax Lien"). On December 5, 2005, the Booth Trusts (or other trusts that may have been controlled by the Booths) transferred ownership of the Subject Properties to Plaintiff Acacia Corporate Management, LLC ("Acacia") and Ioane, in an alleged attempt to put it out of the reach of the United States. On December 22, 2005, the United States filed a tax lien on the Subject Properties specifically ("2005 Tax Lien") on the basis that Ioane and Acacia (collectively "Ioane Group") are nominees/alter egos of the Booths.

On April 9, 2009, a grand jury in Sacramento indicted the Booths and Ioane on various criminal charges related to tax evasion (Criminal Case No. 09-0142). The Booths reached a plea bargain with the United States: Vincent Booth plead guilty to one count of conspiracy to defraud the United States, all other charges against him and Louise Booth were dismissed. The Booths cooperated with the United States's criminal prosecution of Ioane; Vincent Booth testified against Ioane at his trial. On October 3, 2011, a jury found Ioane guilty of conspiracy to defraud the United States and presenting fictitious obligations intended to defraud. Ioane has appealed the conviction. The Ninth Circuit has yet to make its ruling on the appeal.

The Booths filed the present suit in the Superior Court of California, County of Kern against the Ioane Group to quiet title on the Subject Properties. The Ioane Group filed a cross claim against the Booths and the United States, also seeking to quiet title on the Subject Properties. Thereafter, the entire suit was removed to federal court by the United States under 28 U.S.C. § 1442. This suit is only one of several civil suits dealing with the events surrounding the Booths' tax evasion and alleged attempts to shield the Subject Properties from the United States's reach. Civ. Case Nos. 07-0620, 07-1129, and 09-1689. A motion to consolidate these cases was denied. Doc. 20.

The Ioane Group made two motions for stay, citing Ioane's continuing criminal appeal. Docs. 50 and 65.  The motions were denied. Docs. 62 and 72.  The Ioane Group has made a motion to dismiss the Booth's quiet title claim for failure to state a claim and for failure to join indispensible parties. Doc. 45.  The Booths oppose the motion. 48, Part 1.  The matter was taken under submission without oral argument. Doc. 56.

## II. Legal Standards

Under Fed. Rule of Civ. Proc. 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted.  The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l

Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Fed. Rule Civ. Proc. 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. Rule Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted. The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Fed. Rule Civ. Proc. 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d

1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

First, the Ioane Group points out that the Booths seek to quiet title on the Subject Properties as of a date different than the filing of the complaint. Cal. Code Civ. Proc. § 761.020(d) states that "The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought." The Booths state "Plaintiffs are seeking to quiet title to the Property as of December 5, 2005." Doc. 44, FAC, 7:13. In briefing, the Booths only say that "plaintiffs seek to quiet title against the deed recorded on December 5, 2005. Such relief is proper." Doc. 48, Part 1, Opposition, 3:3-4. The Booths have failed to explain why they seek quiet title as of that date. However, in the context of the constellation of cases covering these events, the reason becomes evident. The United States placed a tax lien on the Subject Properties on December 22, 2005. The Booths appear to be trying to plead around the United States's interests in the Subject Properties. In order to facilitate the forward movement of these cases (and since the Ioane Group is fully aware of why the alternate date was chosen given the litigation in related cases), the court accepts the pleading of the December 5, 2005 date for quiet title.

Second, the Ioane Group argues that the booths are attempting to make a fraud claim without meeting the pleading requirements for fraud. At base the Booths "have alleged that the conveyances were sham transactions." Doc. 48, Part 1, Opposition, 7:23. To plead fraud, the complaint must identify "the who, what, when, where, and how" of the fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). The relevant allegations are as follows:

> 21. In January 2000 Mr. Ioane created all new improved Trusts, including Southern Financial. In June 2000 Bakersfield Properties and 21st Century were created.
> 22. Mr. Ioane would send papers to plaintiffs to sign and file. He would usually send them with instructions to be done immediately.
> 23. Originally, plaintiffs owned all three Properties free and clear.

24. Later, Mr. Ioane asked plaintiffs to get their friends to be the trustees. He said he would help them for a fee, which the different trusts could pay. When plaintiffs questioned Mike's directions, he would prove his point to justify his actions or protocol.
25. Through a series of deeds and trust agreements executed and/or recorded in 2000, 2002, and 2005, the properties were transferred into various trusts, each with different trustees, all as structued by Mr. Ioane.
26. The conveyances culminated in a deed recorded December 5, 2005 as Instrument No. 020336626 of Kern County Official Records, with record title conveyed to Michael Scott Ioane, as an individual, as to 5% ownership interest in the Property and Acacia Corporate Management, LLC as to a 95% ownership interest in the Property.
27. Looking back, Mike Iaone at some point stole all of our Properties. Plaintiffs relied on Mr. Ioane's repeated assurances regarding that he knew what he was doing. When questioned by Dr. Booth, Mr. Ioane would respond 'this is legal' and 'I do this all the time.'

Doc. 44, FAC, 5:19-6:12.  These allegations set out the "who, what, where, when, and how" of the transactions.  In context, given the information available due to the related parallel cases, the allegations against the Ioane Group are very clear.

Third, the Ioane Group argues that since the Booths transferred the Subject Properties to the Booth Trusts in the 1990s, they have no interest in the Subject Properties and have no standing. Doc. 45, Brief, 4:19-22.  The Booths argue that a trust is not an entity that can sue or be sued. Doc. 48, Part 1, Opposition, 4:14-19.  Under California law, "as a general rule, the trustee is the real party in interest with standing to sue and defend on the trust's behalf." Estate of Giraldin, 55 Cal. 4th 1058, 1075 (Cal. 2012), citing Estate of Bowles, 169 Cal. App. 4th 684, 691 (Cal. App. 2d Dist. 2008).  "The trustee has the power to prosecute or defend actions, claims, or proceedings for the protection of trust property and of the trustee in the performance of the trustee's duties." Cal. Prob. Code § 16249.  Thus, the trustees of the Booth Trusts can sue and be sued with respect to the Booth Trusts's interests in the Subject Properties. See United States v. Dubey, 473 Fed. Appx. 691, 691 (9th Cir. 2012).  It appears that the Booths were the original trustees of at least some of the Booth Trusts. See Doc. 44, FAC, 5:1-3 ("In June 1995 the Alpha Omega Trust was created. This was the family trust. The Aligned Enterprise Trust was the business trust and the Agape Charitable Trust was for charity. Plaintiffs were named as trustees on these trusts").  Later, "the properties were transferred into various trusts, each with different trustees, all as structured by Mr. Ioane." Doc. 44, FAC, 6:1-3.  At this point, it is not altogether

6

clear what the Booths seek to accomplish. If they wish to reverse the December 5, 2005 sale of the Subject Properties and return ownership to the Booth Trusts, then they may not be the proper plaintiffs in this case. If they wish to quiet title against the Booth Trusts as well, then it would appear that the trustees of the Booth Trusts should be named as defendants in this case. The court can not determine what the Booths seek to accomplish with this suit. Thus, the Booths must replead their complaint to clarify what relief they seek and to join additional parties in compliance with Fed. Rule Civ. Proc. 19.

### IV. Order

The Ioane Group's motion to dismiss for failure to state a claim is GRANTED without prejudice. The Booths may file an amended complaint within ninety (90) days.

IT IS SO ORDERED.

Dated:   May 7, 2013

SENIOR DISTRICT JUDGE